UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARLIYN BLOCH,

            Plaintiff,

     - against -

ROBERTA PIKE,

            Defendant.
-----------------------------------------------------------X

ORDER
09-CV-5503 (RRM) (SMG)

MAUSKOPF, United States District Judge.

On May 20, 2010, Magistrate Judge Steven M. Gold issued a Report and Recommendation (the "R&R") recommending that (1) Plaintiff's Complaint be dismissed without prejudice as time-barred; (2) Plaintiff's motion to amend her Complaint be denied without prejudice as futile; and that (3) Plaintiff's motion to indict Defendant Pike be denied.[1] Judge Gold reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due on or before June 7, 2010. Plaintiff timely served and filed two documents objecting to the R&R. (*See* Docket No. 65 ("Pl.'s Objections") *and* Docket No. 66 ("Pl.'s Supp. Objections").) For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted in its entirety.

When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to a Report and Recommendation, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Although Plaintiff's submissions lack clarity as to which

---

[1] In addition to the specific recommendations discussed above, Judge Gold further found that neither a hearing as to Plaintiff's competency nor appointment of a guardian for Plaintiff is necessary in this case. However, in light of concerns regarding Plaintiff's competency, Judge Gold recommended that any Order dismissing the Complaint or denying leave to amend be entered without prejudice.

portions of the R&R she specifically objects, the Court construes her submissions liberally and has reviewed all aspects of the R&R *de novo*.

In the R&R, Judge Gold recommended that Plaintiff's original fraud claim—which seeks to set aside a transfer of real property that occurred over forty years ago—be dismissed as time-barred. Judge Gold further recommended that Plaintiff's motion for leave to amend the Complaint to add five new claims be denied as futile. Judge Gold specifically found that: (1) the Court lacks jurisdiction over probate matters; (2) Plaintiff lacks standing to bring a claim for medical neglect of another person; (3) Plaintiff has failed state a claim with regard to Defendant's promise to send her pictures; (4) Plaintiff's allegations concerning the unauthorized opening of her mail do not give rise to a cognizable claim under New York law; and (5) Plaintiff may not bring a claim pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") because that statute does not provide for a private cause of action. Lastly, Judge Gold recommended that Plaintiff's motion to indict Defendant be denied.

Plaintiff's objections do not directly address the portion of the R&R recommending dismissal of her fraud claim but do assert that she "did not know for years" that Defendant was engaging in fraudulent conduct. (Pl.'s Objections ¶ 4; *see also* Pl.'s Supp. Objections ¶ 2.) However, Judge Gold specifically concluded that there was no legal basis to toll the statute of limitations based on Plaintiff's claims of disability or fraudulent concealment.[2] Next, although Plaintiff's objections appear to address some of the R&R's findings concerning her motion to amend the Complaint, Plaintiff fails to explain or argue why any of Judge Gold's conclusions are legally or factually erroneous. For example, apparently in objection to the R&R's finding that her proposed medical neglect claim would be futile, Plaintiff states only that she "never found out what

---

[2] With regard to Plaintiff's contention that the statute of limitations should be tolled because she suffered disability, Judge Gold also found that even if Plaintiff were able to establish a period of legal disability, her claim would still be time-barred because New York law provides for a maximum tolling period of ten years in cases involving disability. As noted earlier, the transaction giving rise to Plaintiff's claims in this case occurred over forty years ago.

2

caused [the injury] ... ." (Pl.'s Objections ¶ 6.) Next, with regard to Judge Gold's finding that any promise by Defendant to send Plaintiff pictures did not amount to an enforceable legal obligation, Plaintiff simply asserts that Defendant "is guilty of contempt" for failing to turn them over. (*Id.* ¶ 9.) Similarly, with respect to her proposed HIPAA claim, Plaintiff states that she did not authorize the release of medical records and that Defendant "should have to divulge the names" of the social workers to whom the records were released. (*Id.* ¶ 5.) Finally, Judge Gold recommended that Plaintiff's motion to indict Defendant be denied. Indeed, the bulk of Plaintiff's objections appear directed at this portion of the R&R and re-assert criminal allegations against Defendant, Specifically, Plaintiff insists that the Court either initiate a criminal prosecution or alert law enforcement to Defendant's alleged fraudulent conduct.[3] However, as Judge Gold correctly observed, this Court lacks the authority to prosecute criminal charges; thus, Plaintiff's motion must be denied.

Based upon a *de novo* review of Judge Gold's thorough and well-reasoned R&R, the factual and procedural record upon which is based, and Plaintiff's objections, the R&R is adopted in all material respects. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice, Plaintiff's motion for leave to amend is DENIED without prejudice, and Plaintiff's motion to indict Defendant is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
June 21, 2010

ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] For example, Plaintiff states that "[i]f a crime is committed it is the duty of this court to turn Pike over to the FBI or postal inspectors," (see Pl.'s Objections ¶ 4), and that "[s]ince the Magistrate is an officer of the law he has an obligation to turn Pike over to the postal inspectors for prosecution ... ." (*See also id.* ¶ 5 ("Pike belongs in jail ... [for] credit card fraud"); Pl's Supp. Objections ¶¶ 4-5.)